[No. 5497.]
[No. 3167 C. A.]

WASEM V. GRAY.

1. **Partnership — Insurance of Farm Property — Assignment of Adjusted Claim by One Partner.**

It is within the scope of the implied authority of one partner to effect an insurance upon firm property, and, in case of loss, to assign, sell, or collect the adjusted claim therefor; and, if one member of a firm perpetrates a fraud on the other by such assignment, the injured party must look to his partner for satisfaction, and not to an assignee who had no notice of the fraud.—P. 142.

2. **Same—Right of Assignee.**

An adjusted claim for insurance is a chose in action, title to which passes by assignment, unless the assignee knows of fraud that vitiates the transfer.—P. 142.

3. **Assignments—Action by Assignee—Defenses—Entire Interest Not Assigned.**

The fact that a part of an assigned claim, when collected, is to be paid by plaintiff to another, is insufficient as a defense to such action.—P. 143.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by Horace A. Gray against F. W. Wasem, a member of a partnership, on a claim against the

firm. From a judgment for plaintiff, defendant appeals.                                    *Affirmed.*

Mr. B. C. HILLIARD, for appellant.

Mr. FRED W. PARKS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

F. W. Wasem and A. B. Schletzbaum, as copartners under the firm name of F. W. Wasem & Company, were engaged in the grocery business in the city of Denver. They incurred debts aggregating about $108 to various merchants of whom they had purchased goods. The several claims therefor against the firm were assigned to Charles C. Benton, and afterwards Benton assigned them to the plaintiff Gray, who brought suit thereon against Wasem, one of the partners, and recovered a judgment from which Wasem appealed.

The answer consists of two separate defenses: First, payment; second, that only part of the indivisible claims against the firm was assigned to Gray, which precluded him, as assignee, from maintaining the action in his own name.

The plea of payment was not established. The copartnership had a fire insurance policy on its stock of goods and sustained a loss, the amount of which was agreed upon by the insured and insurer, and the adjusted claim was assigned to Benton by Schletzbaum in the firm name. It is claimed by defendant that Benton collected this money on the insurance policy at the time that he himself was a creditor of the copartnership, and that, having thus received this firm money, he applied it, in violation of Wasem's rights, to an individual debt which Schletzbaum owed him.

Defendant invokes the rule of law that one of two members of a copartnership cannot apply the firm property to the payment of his individual debt without the consent of the other partner; and as Wasem did not authorize Schletzbaum to apply the firm insurance money to his individual debt, such application by Schletzbaum was a fraud on Wasem and must be taken as a payment, through Benton, of the partnership claims.

Were the facts as defendant claims them to be, the rule of law might prevent a recovery in this case; but the court, upon sufficient legal evidence, found against the defendant on the facts.

The assignment by Schletzbaum, in the firm name, of the firm's adjusted claim against the insurance company, is valid on its face. It is within the scope of the implied authority of one partner to effect an insurance upon firm property, and, in case of loss, to assign or sell or collect the adjusted claim therefor. It is a *chose in action*, title to which passes by assignment, unless the assignee knows of fraud that vitiates the transfer. The defendant Wasem admits that he knew of this assignment about the time it was made, and the only objection which he now makes thereto is that, when the claim was collected it was applied to the individual debt of Schletzbaum and not to the payment of the firm debts. The evidence leaves it doubtful whether such objection was made by him at the time, and it may be that this is an afterthought on his part. However that may be, if Schletzbaum perpetrated a fraud on Wasem, the latter must look to Schletzbaum for satisfaction. The assignment of the claim for the insurance money was a part of the ordinary routine of the firm business, and, as we have seen, within the implied authority of either partner to make. There is no evidence that Schletzbaum was indebted to Benton or that

Schletzbaum assigned the claim against the insurance company in satisfaction of, or that Benton ever applied the money collected from the insurance company upon an individual debt, if any, of Schletzbaum to him. For aught that appears to the contrary, Benton bought the claim against the insurance company outright and paid full value for it. He did not become a creditor of the firm, so far as the record shows, until about forty days after he acquired the claim against the insurance company, when he purchased from the firm creditors the accounts which they had against it. And if thereafter, when collection was made, he used part of the amount to buy the creditors' claims, it was his money, and not that of the firm, with which payment was made.

It may be, as counsel for defendant says, that Wasem has been wronged by having a judgment rendered against him on accounts which he supposed were to be paid out of the proceeds of the insurance policy. If so, it is unfortunate for him that he has not shown a state of facts which prevents the recovery.

The accounts against the firm which were assigned to Benton and by Benton to plaintiff, were just debts of the firm, and plaintiff, in good faith and for a valuable consideration, acquired them.

The second defense, that the entire interest in these claims was not assigned to plaintiff, is not tenable. There is nothing on the face of the assignment, or in the evidence, which sustains such defense. It does appear that when the amount is collected, $15 thereof are to be paid by plaintiff to one Charles Corum; but the written assignment purports to transfer to the assignee Gray all of Benton's interest in the creditors' accounts, and there is no evidence that Corum ever had, or has asserted, any interest therein, except a fixed sum when collected.

It appearing from the record that the assignment of the claim under the insurance policy to Benton was valid, and there being evidence in the record from which the trial court might have found a ratification by Wasem of this assignment, and the defense of payment and partial assignment not having been established, we do not see how the judgment can be disturbed. It is, therefore, affirmed. *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.